UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marie L. Ward,
    Plaintiff

vs                                          Case No. 1:05-cv-436-TSH
                                               (Hogan, M. J.)

Visions Matter, LLC, et. al.
    Defendants

**ORDER**

       This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 5) and the motion to dismiss filed by defendants Dyer and Tolliver. (Doc. 4). Plaintiff has filed memoranda in opposition to each of the pending motions, (Docs. 6, 7), to which defendants did not reply. The parties have consented to the entry of final judgment by the undersigned United States Magistrate Judge. (Doc. 9).

       Defendants move the Court for an order dismissing the case for lack of jurisdiction, arguing that the complaint fails to set forth facts demonstrating diversity of citizenship and or an adequate amount in controversy to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants arguments are not well-taken. As plaintiff noted in her memorandum in opposition to defendants' motion, plaintiff's complaint alleges a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216. Consequently, this Court has jurisdiction over plaintiff's federal claim pursuant to 28 U.S.C. § 1331. In addition, the Court may exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367.

       The motion to dismiss defendants Tolliver and Dyer is equally without merit. While defendants do not specify in their motion the basis upon which they seek dismissal, the Court construes the motion as one based upon Fed. R. Civ. P. 12(b)(6).

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In other words, the purpose of a motion under Fed. R. Civ. P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995)(Merz, M.J.). More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988); *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995).

Plaintiff alleges that defendants Dyer and Tolliver exerted "operational control" over payroll matters for defendant Visions Matter., LLC. Under the FLSA, liability is not limited to the corporate employer. Rather, "[t]he overwhelming weight of authority is that s corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)(quoting with approval, *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983))(internal quotations omitted). Consequently, they are not entitled to dismissal in their individual capacities. Defendants concede as much by having failed to reply to plaintiff's memorandum in opposition.

**IT IS THEREFORE ORDERED THAT:**

Defendants' motions to dismiss (Docs. 4, 5) be DENIED.

 s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge
